UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUAN MANUEL LAZARO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BNSF RAILWAY COMPANY and ) | |
| CONSOLIDATED CHASSIS ) | |
| MANAGEMENT, LLC, ) | |
| ) | |
| Defendants and Cross-Claimants. ) | |
| _____ ) | No. 20 C 6157 |
| ) | |
| BNSF RAILWAY COMPANY and ) | Judge Sara L. Ellis |
| CONSOLIDATED CHASSIS ) | |
| MANAGEMENT, LLC, ) | |
| ) | |
| Third-Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| P&B INTERMODAL SERVICES, LLC, ) | |
| ) | |
| Third-Party Defendant. ) | |
| ) | |

**ORDER**

The Court denies all pending third-party complaint motions without prejudice [74, 85, 87, 103]. The Court directs the Clerk to administratively terminate Doc. 121, P&B's sur-reply to BNSF's Motion to Withdraw [103], because P&B mistakenly filed it as a motion. See Statement.

**STATEMENT**

This case arises out of a personal-injury claim brought by Plaintiff Juan Manuel Lazaro for injuries allegedly sustained while on the job. The four motions currently pending before the Court concern pleading disputes among the parties potentially on the hook for part or all of Lazaro's possible recovery: Defendants and Cross-Claimants BNSF Railway Company ("BNSF") and Consolidated Chassis Management, LLC ("CCM"), and Third-Party Defendant P&B Intermodal Services, LLC ("P&B"). P&B moves to dismiss and/or strike all of BNSF and CCM's claims against it except the contribution counts or, in the alternative, to stay the

declaratory judgment counts. Doc. 74. BNSF and CCM move to strike certain of P&B's affirmative defenses. Docs. 85, 87. BNSF also moves to withdraw Count IV of its third-party complaint, which seeks a declaratory judgment against P&B, because it filed the same claim in Texas state court. Doc. 103. CCM also filed an insurance coverage action against P&B's insurer, which remains pending before a different judge in this District. *Consol. Chassis Mgmt., LLC v. Twin City Fire Ins. Co.*, Case No. 22-CV-1316 (N.D. Ill. 2022).

Despite filing third-party complaints and cross claims that ask this Court to determine insurance coverage for the underlying liability case, Defendants and Cross-Claimants BNSF and CCM have each filed separate coverage cases requesting the same thing. This Court's first notice of these other lawsuits was BNSF's motion to amend its third-party complaint to withdraw the declaratory judgment count against P&B. Doc. 103. BNSF should have filed a motion to transfer for *forum non conveniens*, which is the proper way for a district court to consider moving a portion of a case to a state court based on a forum-selection clause. *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013) ("[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*."). P&B and CCM object to litigating this issue in Texas and indicate that they will ask the Texas court to stay or dismiss the pending Texas case. Both BNSF and CCM state that they wish for their claims against each other to proceed before this Court.

Because the parties are litigating the coverage issues separately, it is likely that one or more courts will issue conflicting decisions of fact and/or law. Considering comity and judicial efficiency, the Court finds that it would be premature to rule on the third-party pleadings, and so denies without prejudice the pending motions. Docs. 74, 85, 87, 103. The Court directs the Clerk to administratively terminate Doc. 121, which P&B mistakenly filed as a motion.

Date: June 14, 2022 /s/ Sara L. Ellis